IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA          )
                                  )
v                                 )        CIVIL ACTION NO. 3:04cv547-MEF
                                  )               [WO]
REID K. BLACK                     )


## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on federal inmate Reid K. Black's motion to vacate,

set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I.  INTRODUCTION AND PROCEDURAL HISTORY

In this court, on May 18, 2000, pursuant to plea agreement, Black plead guilty to

possession with intent to distribute 50 grams or more of methamphetamine, in violation of

21 U.S.C. § 841(a)(1), and using, carrying, and brandishing a firearm during and in relation

to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  On August 16,

2000, the district court sentenced Black to a total term of imprisonment of 144 months.[1]  The

district court also ordered restitution and waived the accrual of interest on the restitution.

The written judgment included the award of restitution, but omitted any reference to interest

---

[1]In sentencing Black, the district court departed downward from the 151-188 months'
guideline range for the distribution count, sentencing Black to only 60 months' imprisonment.  The
district court then sentenced Black, as provided by 18 U.S.C. § 924(c)(1)(A)(ii), to a consecutive
84 months' imprisonment on the firearm count, for a total sentence of 144 months' imprisonment.
Section 924(c)(1)(A)(ii) provides for a mandatory consecutive seven-year sentence when the firearm
is "brandished" during commission of the drug offense.

on the restitution.  The district court entered its written judgment on August 22, 2000.

Approximately twelve months later, on August 20, 2001, Black filed a pro se motion for leave to file an out-of-time appeal.  The district court denied the motion on September 24, 2001, stating that Black had shown no lawful basis for an out-of-time appeal.  *See* Criminal Case. No. 3:00cr40-WHA (Doc. # 110).  Black appealed the ruling, and on April 4, 2002, the Eleventh Circuit affirmed, holding that the district court did not abuse its discretion in denying Black's motion because it was not timely filed within the additional 30-day period provided in Fed.R.App. 4(b)(4).  *See United States v. Black*, No. 01-15888 (11th Cir. Apr. 4, 2002) (unpublished opinion); *see also United States' Response to § 2255 Motion* (Doc. # 5), Attachment 8 - copy of April 4, 2002, opinion.

On August 8, 2002, the district court issued an amended judgment in Black's case, adding the waiver of interest on restitution that was ordered orally at the sentencing hearing but omitted from the August 22, 2000, written judgment.  *See United States' Response to § 2255 Motion* (Doc. # 5), Attachment 9 - copy of amended judgment.  The judgment remained the same in all other respects.  Black did not file a timely notice of appeal from the amended judgment.

On September 16, 2002, Black filed a pro se "Notice of Appeal and Motion to Extend the Time for Filing Notice of Appeal' from the amended judgment of August 8, 2002.  *See* Criminal Case No. 3:00cr40-WHA (Doc. # 120).  On October 25, 2002, the district court denied Black's motion, stating that the only change in the judgment was "to enter a

determination that the Defendant does not have the ability to pay interest and to order that interest on restitution is waived." *See* Criminal Case No. 3:00cr40-WHA (Doc. # 123). Black appealed and, on June 10, 2003, the Eleventh Circuit affirmed the district court's denial of his motion for an out-of-time appeal from the amended judgment. *See United States v. Black*, No. 02-16189 (11th Cir. Jun. 10, 2003) (unpublished opinion); *see also United States' Response to § 2255 Motion* (Doc. # 5), Attachment 10 - copy of June 10, 2003, opinion.

On June 4, 2004, Black, through counsel, filed the instant § 2255 motion.  In it, he claims that the lawyer who represented him during his criminal proceedings was ineffective for failing to file an appeal, although directed to do so, after his sentencing in August 2000.[2] The United States has answered, arguing that (1) Black's motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. § 2255; (2) Black's motion is not properly before this court because he waived his right to post-conviction review of his sentence in his plea agreement; and (3) Black's claim of ineffective assistance of counsel lacks merit.[3]  Black was afforded an opportunity to respond to the government's pleadings,

---

[2]Black seeks to use this claim of ineffective assistance of counsel as a basis for seeking review of the issue of whether his actions constituted "brandishing" a firearm.

[3]In the plea agreement, Black waived his rights to appeal or collaterally attack his sentence except for prosecutorial misconduct or ineffective assistance of counsel. *See "Plea Agreement"* (Document # 5 - Gov. Exh. 2) at 4-5; *"Guilty Plea"* (Document # 5 - Gov. Exh. 3) at 3-4. Subsequently, the parties orally modified the plea waiver to provide that Black had not waived his right to appeal the issue of whether his actions constituted "brandishing" a firearm. *See "Guilty Plea"* (Document # 5 - Gov. Exh. 3) at 30.  Because the court finds that Black's motion is barred under the one-year period of limitation and, alternatively, that his claim lacks merit, the court pretermits consideration of the government's argument that Black's motion is not properly before

and he has done so.  After due consideration and upon review of the motion, the pleadings, and the record, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Black's motion should be denied.

## II.  DISCUSSION

### A.    Period of Limitation

Section 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitation for motions filed pursuant to 28 U.S.C. § 2255. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Black appears to argue that, for purposes of 28 U.S.C. § 2255, his conviction became final upon expiration of the 90-day period for seeking certiorari review of the Eleventh

---

this court because it is barred by the waiver provision in the plea agreement.

Circuit's June 10, 2003, opinion, which affirmed the district court's October 25, 2002, denial of his motion for an out-of-time appeal from the district court's amended judgment of August 8, 2002.[4]  *See "Response to Court's October 15, 2004, Show Cause Order"* (Doc. # 7) at 4-5.  Using June 10, 2003, as the date his conviction became final, Black thus contends that the instant § 2255 motion, which he filed on June 4, 2004, was timely filed within the one-year period of limitation for § 2255 motions.

The government responds that the Eleventh Circuit has already foreclosed Black's argument that the appellate court's June 10, 2003, opinion began the running of the one-year period of limitation for Black to file a timely § 2255 motion.  In its June 10, 2003, opinion, the Eleventh Circuit held that the district court's August 8, 2002, amended judgment – which, as the appellate court noted, simply added a waiver of interest on restitution that was ordered orally at Black's sentencing hearing but omitted from the district court's August 22, 2000, written judgment – "did not substantially alter or modify" the original August 22, 2000, judgment in Black's case.  *See United States v. Black*, No. 02-16189 at *3 (11th Cir. Jun. 10, 2003) (unpublished opinion); *see also United States' Response to § 2255 Motion* (Doc. # 5), Attachment 10 - copy of June 10, 2003, opinion.  Accordingly, the Eleventh

---

[4]In *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002), the Eleventh Circuit held that when a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day period for seeking certiorari review of the appellate court decision affirming the conviction and sentence on direct appeal.  It is undisputed that Black did not seek certiorari review of the Eleventh Circuit's June 10, 2003, decision.  However, the question for this court is whether, for purposes of starting 28 U.S.C. § 2255's one-year limitation period, the appellate court's June 10, 2003, decision rendered Black's conviction "final," or whether, for purposes of the limitation period, Black's conviction should be considered "final" on some earlier date.

Circuit held that the time for Black to file a direct appeal of his conviction and sentence ran from the district court's August 22, 2000, judgment, and that any request by Black to file a belated notice of appeal related back to that August 22, 2000, judgment. *Id*. The Eleventh Circuit then stated that it had already determined (in its April 4, 2002, opinion upholding the district court's rejection of Black's first attempt at an out-of-time appeal) that no good cause existed for a belated appeal from the August 22, 2000, judgment. *Id*. at *4. Thus, the Eleventh Circuit held that Black was not entitled to any relief based on his latest attempt to extend the time for an appeal. *Id*.

Because the Eleventh Circuit held that the time for Black to file a direct appeal ran from the district court's August 22, 2000, judgment, and because both the district court and the Eleventh Circuit found no legal basis for Black's attempts, through his motions to extend the appeal period, to start anew the time for him to file a direct appeal, the undersigned concludes that, for purposes of 28 U.S.C. § 2255, Black's conviction became final by operation of law on September 1, 2000 – 10 days after the district court's August 22, 2000, judgment – when Black failed to file a timely notice of appeal from that judgment.[5]  *See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the

_____

[5]The government asserts that Black's conviction became final on July 3, 2002, upon expiration of the 90-day period for Black to seek certiorari review of the district court's denial (on September 24, 2001) of the motion for an out-of-time appeal filed by Black on August 20, 2001. *See United States' Response to § 2255 Motion* (Doc. # 5) at 11-13. Using July 3, 2002, as the date that the conviction became final, the government contends that Black's § 2255 motion filed on June 4, 2004, was untimely. *Id*. However, for the reasons indicated in this Recommendation, Black's conviction was final well before even the date urged by the government.

district court within 10 days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a timely direct appeal, the conviction becomes final ten days after the district court's written judgment of conviction is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).  Black's motions for an out-of-time appeal were found to be meritless and, thus, they did not reinstate the time for him to file a direct appeal or change the date on which his conviction became final.

Taken to its logical conclusion, Black's argument that his conviction became final for purposes of § 2255 only upon the conclusion of his fruitless litigation of his motions for out-of-time appeal would allow any defendant who fails to appeal or collaterally attack his sentence in a timely fashion to extend § 2255's period of limitation endlessly, merely by filing meritless out-of-time appeal motions and then appealing the district court's rulings denying such motions – even where (as in Black's case) the appellate court ultimately determines that no basis in law exists for an out-of-time appeal.[6]  If Black were to prevail on this argument, he would have successfully extended the limitation period for more than 44 months from the district court's original judgment, which he failed to appeal in a timely manner.

---

[6]Neither Eleventh Circuit decision, properly speaking, affirmed Black's conviction and sentence.  Rather, they affirmed the judgments of the district court denying Black's motions for an out-of-time appeal.  A meritorious and successful motion for out-of-time appeal would, of course, properly reinstate the time for a direct appeal and would have restarted the clock for purposes of determining when the conviction became final and when § 2255's period of limitation began to run.

Because Black failed to file a timely appeal from the district court's judgment of August 22, 2000, his conviction became final for purposes of § 2255 on September 1, 2000. He therefore had until September 3, 2001 (the first business day after September 1, 2001), to file a timely § 2255 motion. The instant § 2255 motion was not filed until June 4, 2004, well beyond the one-year limitation period.

None of the exceptions identified in § 2255 that might toll the running of the one-year limitation period are applicable in Black's case. Specifically, Black's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255. Nor has Black shown that some unconstitutional governmental action impeded him from filing this § 2255 motion at an earlier date. *Id*. Finally, Black has not submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence. *Id*.

Thus, unless Black is eligible for equitable tolling, his § 2255 motion was time-barred when he filed it.

## B.    Equitable Tolling

The limitation period for a § 2255 motion may be equitably tolled on grounds apart from those specified in the statute in "extraordinary circumstances." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (citation and internal quotation marks

omitted).  "Because it is 'an extraordinary remedy,' *Steed v. Head*, 219 F.3d 1298, 1300 (11th

Cir. 2000), equitable tolling has been permitted by federal courts 'only sparingly,' *Irwin v.*

*Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)."  *Jones v. United States*, 304 F.3d 1035,

1038-39 (11th Cir. 2002).

Although he does not specifically invoke the term "equitable tolling" in making the

claim, Black argues that even if this court concludes that he failed to comply with AEDPA's

period of limitation in filing the instant § 2255 motion, this court should nevertheless excuse

his tardiness under the doctrine of "unique circumstances," because judicial actions and other

circumstances that Black says were beyond his control resulted in the filing of his motion

after the limitation period had expired.[7]  *See "Response to Court's October 15, 2004, Show*

*Cause Order"* (Doc. # 7) at 8-11.

Equitable tolling may apply where a petitioner has been "actively misled ... about the

cause of action or is prevented in some extraordinary way from asserting his rights."  *See*

*Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  In arguing that he was prevented

in an extraordinary way from asserting his rights in a timely § 2255 motion, Black

specifically points to actions by this court with regard to a previous § 2255 motion that he

filed attacking the same sentence he challenges in the instant § 2255 motion.  Acting *pro se*

at the time, Black filed the prior § 2255 motion on August 20, 2001, and the motion was

---

[7]On October 15, 2004 (Doc. # 6), this court entered an order allowing Black an opportunity to show cause why this § 2255 motion is not time-barred.  On November 4, 2004 (Doc. # 7), Black filed a response to this court's order.

docketed as a civil action, Case No. 3:01cv1011-WHA.  *See* Case No. 3:01cv1011-WHA

(Doc. # 1).  It is undisputed that the first § 2255 motion was filed within § 2255's one-year

period of limitation.  On September 12, 2001, Black moved to stay the proceedings on the

§ 2255 motion pending resolution of proceedings on his motion for an out-of-time appeal

from the judgment of conviction, which he had also filed in this court on August 20, 2001.

*Id*. (Doc. # 3).  On September 24, 2001, this court granted Black's motion to stay the

proceedings on his § 2255 motion.  *Id*. (Doc. # 4).

On November 20, 2002, this court, *sua sponte*, entered an order lifting the stay of

proceedings on Black's § 2255 motion.  *Id*. (Doc. # 8).  By that time, Black, who had

obtained the services of legal counsel, had unsuccessfully litigated the district court's denial

of his motion for an out-of-time appeal in the Eleventh Circuit.  However, he had since filed

another motion for out-of-time appeal, this one seeking an out-of-time appeal from the

amended judgment that the district court entered in his case on August 8, 2002. *See id*. (Doc.

# 6).  When the district court denied the second out-of-time appeal motion, Black appealed

the district court's ruling to the Eleventh Circuit on September 20, 2002.  *Id*.

On December 12, 2002, this court entered an order for Black to show cause why his

§ 2255 motion should not be dismissed without prejudice as his appeal from the district

court's denial of his second motion for out-of-time appeal was pending before the Eleventh

Circuit.  *Id*. (Doc. # 10).  In his response to the show cause order, Black argued that this

court should stay proceedings on his § 2255 motion rather than dismiss the motion so as to

"alleviate any potential time bar problem that might later develop" if the Eleventh Circuit were to rule against him on the out-of-time appeal issue. *Id*. (Doc. # 12).

On March 19, 2003, this court entered an order and judgment dismissing Black's § 2255 motion without prejudice, stating as grounds that because Black's appeal remained pending in the Eleventh Circuit, this court lacked jurisdiction to consider his § 2255 motion.[8] *Id*. (Docs. #22 - # 23).  Black did not appeal from the judgment dismissing his § 2255 motion without prejudice.

Black argues that, assuming his conviction was at the time already final for over a year, this court's March 19, 2003, dismissal of his first, and timely, § 2255 motion prevented him from filing any subsequent § 2255 motion within the one-year period of limitation.  He maintains that unless his instant § 2255 motion is considered to be timely, he will be unfairly prevented from asserting his rights as a result of judicial actions and circumstances beyond his control. *See "Response to Court's October 15, 2004, Show Cause Order"* (Doc. # 7) at 9-11.

This court is not persuaded by Black's suggestion that the predicament in which he finds himself with regard to the limitation period resulted from circumstances beyond his control.  The record reflects that Black's ultimate purpose in pursuing litigation of his out-of-time appeal motions was essentially the same as his ultimate purpose in filing his original

---

[8]In the March 19, 2003, order of dismissal (Doc. # 22), the district judge adopted the magistrate judge's recommendation that Black's § 2255 motion be dismissed without prejudice, *id*. (Doc. # 21).  Black did not file any objections to magistrate judge's recommendation prior to the district court's order adopting the recommendation.

§ 2255 motion (as well as the § 2255 motion now before this court): to obtain review of the issue of whether his actions constituted "brandishing" a firearm. However, nothing (and certainly no "circumstances beyond Black's control") compelled Black to persist with his out-of-time appeal actions rather than to seek relief only under § 2255. Furthermore, rather than seeking a lift of the stay on his first § 2255 motion when, on April 4, 2002, the Eleventh Circuit affirmed the denial of his first out-of-time appeal motion, Black chose to wait until September 16, 2002, to file a motion for an out-of-time appeal of the amended judgment entered by the district court on August 8, 2002. Black's attempt to appeal from the district court's amended judgment was particularly ill-considered, as the amended judgment clearly did not substantially alter or modify the court's original judgment. Nevertheless, Black chose to appeal the district court's denial of his motion for an out-of-time appeal from the amended judgment, again creating circumstances in which he had an action pending in the appellate court while his § 2255 motion was pending in this court.

As noted above, there appears to be little difference in the nature of relief Black hoped to obtain through either an out-of-time appeal or the § 2255 action. During nearly the entire period from April 4, 2002 (when the Eleventh Circuit affirmed the denial of Black's first out-of-time appeal motion), to September 20, 2002 (when Black filed an appeal from the denial of his second out-of-time appeal motion), Black had no appeal pending in the Eleventh Circuit. Yet, as also noted above, Black did not move during that time for the district court to lift the stay (which Black himself had requested) on proceedings on the

pending § 2255 motion.  The fact that Black did not act promptly during that time to seek consideration of his § 2255 motion and then chose to pursue another round of litigation on an out-of-time appeal motion renders meritless his present claim that his inability to obtain a ruling on the merits of a timely § 2255 motion stemmed from "circumstances beyond his control."  Significantly, moreover, while Black's argument that the tardiness of his present § 2255 motion should be excused because the court's ruling dismissing his first § 2255 motion effectively prevented him from filing the instant § 2255 motion within the limitation period, Black did not appeal that ruling in an effort to seek reinstatement of the § 2255 action that he had initiated within the limitation period.  His failure to appeal the order of dismissal contrasts markedly with the actions he took with respect to the district court's rulings denying his two motions for out-of-time appeal.  The record reflects that Black was acutely aware of the ramifications that dismissal of the § 2255 motion might have for his ability to file a subsequent § 2255 motion that would be considered timely under the period of limitation.

Perhaps attempting to excuse his failure to appeal the ruling dismissing his first § 2255 motion, Black contends that he was "lulled" by language contained in the dismissal order into a reasonable belief that a subsequent § 2255 motion would be deemed timely if filed within a year of the Eleventh Circuit's disposition of his appeal from the denial of his second out-of-time appeal motion.  Black specifically points to a parenthetical quotation of a case cited in the dismissal order stating that "[A movant] may pursue his collateral

remedies without prejudice when jurisdiction is revested in the district court." *See* Case No. 3:01cv1011-WHA (Doc. # 21) (quoting *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968)). However, the dismissal order does not specifically suggest how § 2255's period of limitation would bear upon any subsequent § 2255 motion that Black might file and does not expressly state that a new period of limitation would begin to run when Black's appeal was resolved by the Eleventh Circuit. This court does not find the language contained in the dismissal order sufficient to confer upon Black the right to file a subsequent § 2255 motion that would be deemed timely.

Under the circumstances of this case as outlined herein, this court finds that Black has failed to show the sort of extraordinary or unique circumstances beyond his control sufficient to warrant application of equitable tolling. Black's own actions prevented litigation of the claims presented in his first § 2255 motion and ultimately contributed to the motion's dismissal without prejudice. When the motion was dismissed, he failed to appeal that ruling. Because Black is not eligible for equitable tolling, his § 2255 motion is time-barred by the one-year period of limitation.

## C.    Failure to File a Direct Appeal

Even assuming, *arguendo*, that Black's § 2255 motion is not time-barred, this court concludes that Black would not be entitled to any relief based on his claim that his counsel during the criminal proceedings was ineffective for failing to file a direct appeal although

14

directed to so by Black.[9]

Under the plea agreement, the government agreed to recommend a 12-year sentence for Black.  That was the term of imprisonment that Black bargained for, and it was, in fact, the term of imprisonment that the district court imposed.  At the guilty plea hearing before the magistrate judge, the magistrate judge found that Black's actions constituted "brandishing" a firearm during a drug offense, which would subject Black to a mandatory consecutive seven-year sentence under 18 U.S.C. § 924(c)(1)(A)(ii).  *See "Guilty Plea"* (Document # 5 - Gov. Exh. 3) at 30-31.  However, the parties agreed during this hearing to orally modify an appeal-waiver provision contained in the plea agreement to provide that Black was not waiving his right to appeal the issue of whether his actions constituted "brandishing."  *See "Guilty Plea"* (Document # 5 - Gov. Exh. 3) at 30.  At Black's sentencing hearing, in order to achieve the 12-year sentence that the government agreed to recommend under the plea agreement, the district court accepted a downward-departure recommendation by the government and departed downward from the 151-188 months guideline range for the distribution count (Count 2 of the indictment), sentencing Black to only 60 months' imprisonment for that offense.  The district court then sentenced Black, as provided by 18 U.S.C. § 924(c)(1)(A)(ii), to a consecutive 84 months' imprisonment on the

---

[9]Black's counsel during the criminal proceedings, Terry R. Smyly, filed an affidavit with this court in which he indicates that Black did not ask him to file a direct appeal and that, following sentencing, he advised Black that an appeal would be pointless in light of the district court's stated intent to sentence Black to the same total sentence of 12 years' imprisonment should the Eleventh Circuit determine that Black's actions did not constitute "brandishing" a firearm.  *See Affidavit of Terry R. Smyly* (Doc. # 4) at 1.

firearm count (Count 5), for a total sentence of 144 months' imprisonment.  However, in sentencing Black, the district court specifically stated for the record that

> if I had found in this case that [Black's actions] did not constitute brandishing – if that were an issue that I heard evidence on and made a decision on, which I have not done – that I would not depart down to 60 months in the sentence on Count 2.  I would sentence at 84 months on Count 2 and 60 months on Count 5, so that the total sentence would be 12 years either way.

*"Sentence Hearing"* (Document # 5 - Gov. Exh. 4) at 11.  After the district court made this statement for the record, the government's counsel stated, "And I will state for the record that that's what the United States would have moved the Court to do, had it done so.  Because the agreement here is that the sentence would be 12 years; no less."  *Id*.

In light of the district court's statement that, even if Black's actions did not constitute "brandishing," the court would not impose a different total sentence but would instead restructure Black's sentence so that his total sentence was still 12 years' imprisonment,[10] and in light of the statement by government's counsel that the government was only willing to recommend a sentence of 12 years (and not less) under any plea agreement, Black cannot hope to establish how he was prejudiced in any way by his counsel's failure to appeal for the purpose of litigating the issue of whether his actions constituted "brandishing."  There was nothing for Black to gain by appealing.  Furthermore, Black's counsel should not have been obligated to undertake a futile appeal on an issue that could have had no ultimate effect upon

---

[10]The district court's statement in this regard indicates that the court effectively conditioned its acceptance of the plea agreement on Black's receiving a total sentence of 12 years' imprisonment.

Black's sentence.[11]  In any event, as this court has noted, Black received the sentence that he bargained for under the plea agreement.  Accordingly, Black is not entitled to any relief based on this claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Black's motion for relief pursuant to § 2255 be denied and that this case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 14, 2006.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

---

[11]In its opinion affirming the district court's denial of Black's first motion for an out-of-time appeal, although declining to address a claim by Black that his counsel was ineffective for failing to file a direct appeal, the Eleventh Circuit noted that the district court's statement of its intent to sentence Black to 12 years' imprisonment whether or not his actions constituted brandishing "may explain in large part why there was no appeal filed by Black's counsel."  *See United States v. Black*, No. 01-15888 at *4 (11th Cir. Apr. 4, 2002) (unpublished opinion).

DONE, this 1st day of August, 2006.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE